UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAHAUA JOSEPH,**

   Plaintiff,

v.                                    No. 4:25-cv-0827-P

**NAVY FEDERAL CREDIT UNION,**

   Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 5, 2025, the United States Magistrate Judge issued two Findings, Conclusions, and a Recommendations ("FCR") in this case. ECF Nos. 13, 14. The First FCR recommended that the Plaintiff be declared a vexatious litigant and be warned that monetary sanctions may be imposed for future vexatious litigation and that Plaintiff must obtain leave of court by filing a motion before filing any additional complaints in this District. ECF No. 13. The Second FCR recommended that Plaintiff's Third Amended Complaint be dismissed for failing to state a claim and for being frivolous. ECF No. 14. Plaintiff filed an Objection to the FCR on December 18, 2025. ECF No. 15. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **AFFIRM** and **ADOPT** the reasoning in both the Magistrate Judge's FCRs and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

This case constitutes Plaintiff's fourth cumulative case filed in the Northern District of Texas since June 2025. The other three cases include *Joseph v. Texas Health and Human Services*, 4:25-cv-668-P, *Joseph v. Vandergriff Chevrolet*, 4:25-cv-00669-O, and *Joseph v. Vandergriff Chevrolet*, 4:25-cv-00930-Y.

In this case, Joseph contends that he is entitled to an unspecified type of loan from Defendant in the amount requested exclusively because he sent in various self-created documents demanding that loan.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities,*

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (cleaned up). A "court may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (cleaned up). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines the case is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## ANALYSIS OF OBJECTION

### A.   Review of Magistrate Judge's Recommendation

The Court agrees with the Magistrate Judge's conclusions that Plaintiff failed to state a claim upon which relief can be granted and thus that the Motion should be dismissed because it is "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Court also agrees that the Plaintiff should be declared a vexatious litigant given his history of litigation. Accordingly, the Court adopts and accepts the reasoning in the Magistrate Judge's FCR after a review of Plaintiff's Objections.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff's Objections, the Court **AFFIRMS** the Decisions, **ADOPTS** the reasoning in both of the Magistrate Judge's FCRs, and **OVERRULES** Plaintiff's Objections. Accordingly, all claims are **DISMISSED with prejudice**, and Plaintiff is hereby **DECLARED** a vexatious litigant.

**SO ORDERED** on this **13th day** of **January 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE